UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK GARY HOUGH,<br><br>    *Petitioner*,<br><br>vs.<br><br>STATE OF NEVADA, *et al.*,<br><br>    *Respondents*. | 2:13-cv-00487-JAD-CWH<br><br>**Order Dismissing Petition<br>for Lack of Jurisdiction** |

    More than twenty years ago, Mark Gary Hough was convicted in Nevada state court and given a suspended sentence. Hough filed a habeas petition[1] in 2000 challenging that sentence, but it was dismissed because federal courts may consider habeas challenges only when filed by persons still "in custody" for their conviction, and Hough's suspended sentence was discharged two years earlier.[2] Nearly 12 years later, Hough filed this second petition—challenging the same conviction—and the court ordered Hough to show cause why this action should not be dismissed for still-lacking habeas jurisdiction.[3] Although Hough urges that collateral consequences of his conviction render this a live controversy for Article III purposes, he confuses mootness for the issue raised by the court's show-cause order: whether this court ever obtained jurisdiction over this habeas petition in the first place when Hough's sentence expired 15 years before it was filed. Because, once a sentence has expired, the collateral consequences of the conviction do not render an individual "in custody" for purposes of a habeas challenge, this court lacks jurisdiction over Hough's petition, and it must be dismissed.

---

[1] 2:00-cv-584-HDM-RJJ.

[2] Doc. 14-923690 in 2:00-cv-584-HDM-RJJ.

[3] Doc. 2.

# Background[4]

In 1994, Hough pled guilty to, and was convicted in Nevada state court of, possessing stolen property. He was given a suspended sentence and placed on up to five years probation. The sentence was deemed discharged on March 2, 1998.

More than two years later, petitioner—who now resides in England—filed a motion in the United States District Court for the District of Nevada to vacate, set aside, or correct that discharged sentence under 28 U.S.C. § 2255. The court liberally construed the filing as a federal habeas petition under 28 U.S.C. § 2254 challenging a *state* sentence, because a § 2255 motion can challenge only a *federal* conviction. The court dismissed that petition for lack of jurisdiction because Hough's sentence had been discharged (and he was thus no longer in custody for purposes of federal habeas jurisdiction) two years before he filed the petition.[5]

Petitioner renews his challenge of that sentence with this March 2013 *pro se* habeas petition.[6] The court discovered its redundancy and prior dismissal during the initial screening process, reminded Hough that the federal statute gives district courts jurisdiction to adjudicate habeas petitions only from persons "in custody," and ordered Hough to demonstrate how this court has jurisdiction to hear his challenge to a conviction when the sentence was discharged more than 15 years ago.[7] Hough timely responded, arguing that his habeas challenge is not moot because the potential that a future sentence may be enhanced as a result of this conviction is an ongoing

---

[4] Hough does not appear to dispute this basic procedural background, established by the papers on file and in the records of this court. To the extent these facts come from the public records in his 2000 petition in 2:00-cv-584-HDM-RJJ, I take judicial notice of them.

[5] *See* Doc. 14-923690 in 2:00-cv-584-HDM-RJJ at 1 (in which the magistrate judge recommends dismissal, reasoning, "The original filing in this case was a [m]otion [p]ursuant to 28 U.S.C. § 2255, filed on May 9, 2000. Petitioner Mark Gary Hough[] was no longer in state custody on that date. A petition for writ of habeas corpus pursuant to Title 28 United States Code, Section 2254 is designed to provide relief for 'a person in custody.'"); *see also* Doc. 16-925026 (adopting magistrate judge's report and recommendation and dismissing petition).

[6] Doc. 1.

[7] Doc. 2.

collateral consequence that makes this a "live" controversy over which this court has jurisdiction.[8] Hough's submission—though well presented—has not demonstrated that this court obtained jurisdiction over this fatally late petition.

### Discussion

The federal habeas statute gives district courts jurisdiction to entertain petitions challenging a judgment of conviction only for persons who are "in custody" for the conviction when the petition is filed. *See, e.g.*, *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A habeas petitioner no longer is "in custody" under a judgment of conviction for purposes of federal habeas jurisdiction if the sentence imposed by the judgment has fully expired before the federal petition is filed. *Maleng*, 490 U.S. at 492; *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

Hough's sentence on the challenged conviction expired in 1998—more than fifteen years before he filed this petition—and the arguments in his show-cause response do not establish that the court has jurisdiction over this challenge. The thrust of Hough's argument is that his petition remains a live controversy over which this court retains jurisdiction because he is suffering ongoing collateral consequences from the 1994 conviction. The only consequences he identifies are the possibility that the conviction could be used to enhance his punishment on a future conviction and the prospect that his civil rights might be restricted.[9]

Hough confuses whether a petition over which a court had jurisdiction in the first instance has become moot with the question identified in the show-cause order: whether the court, in fact, obtained jurisdiction over the petition in the first place. The answer to this pertinent question is provided by the United States Supreme Court's decision in *Maleng v. Cook*. The High Court explained in *Maleng* that collateral consequences may save a habeas petition from dismissal as moot when the petitioner's sentence expires after the petition is filed, but a petition filed after the

---

[8] Doc. 3.

[9] Hough does not describe how his civil rights might be restricted or suggest that he has been convicted of another crime for which the sentence may be enhanced. (He is a British citizen who has been removed from the United States). Thus, his collateral consequences may be better characterized as speculative consequences.

expiration of the sentence is dead on arrival and cannot be revived by collateral consequences:

> We have never held . . . that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed. Indeed, our decision in *Carafas v. LaVallee* strongly implies the contrary. In *Carafas*, the petitioner filed his habeas application while he was actually incarcerated under the sentence he sought to attack, but his sentence expired and he was unconditionally discharged from custody while his appeal from the denial of habeas relief below was pending before this Court. The State argued that the unconditional discharge rendered the case moot. We rejected this argument, holding that the "collateral consequences" of the petitioner's conviction - his inability to vote, engage in certain businesses, hold public office, or serve as a juror - prevented the case from being moot. We went on to say, however, that the unconditional release raised a "substantial issue" as to the statutory "in custody" requirement. While we ultimately found that requirement satisfied as well, we rested that holding not on the collateral consequences of the conviction, but on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed. *The negative implication of this holding is, of course, that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.*
>
> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. *We hold that he does not*. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. Since almost all States have habitual offender statutes, and many States provide as Washington does for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the "in custody" requirement out of the statute and be contrary to the clear implication of the opinion in *Carafas v. LaVallee*.

*Maleng*, 490 U.S. at 491-92 (first italic emphasis in original) (internal citations omitted).

Had Hough's sentence had not yet fully expired when his federal petition was filed, collateral consequences might save his otherwise timely filed action from dismissal as moot. But because Hough's sentence expired more than 15 years before he filed this petition, collateral consequences are irrelevant. To hold otherwise would "read the 'in custody' requirement out of the

statute" in contravention of controlling authority. *Maleng*, 490 U.S. at 492.[10]

A British citizen, Hough also cites to *Fiswick v. United States*, 329 U.S. 211 (1946), for the proposition that cases may not "become moot upon release of the prisoner because the petitioner, an alien, might be subject to deportation for having committed a crime of 'moral turpitude.'" Doc. 3 at 5. Hough misreads this case. Its holding was only that the petition for a writ of *certiorari* was not mooted by the expiration of the defendant's sentence because he still was subject to being deported following his release. *Fiswick*, 329 U.S. at 220-23. *Fiswick* does not support the notion that the potential for immigration consequences satisfies the "in custody" requirement for federal habeas jurisdiction when the sentence has long-since expired. And in *Resendiz v. Kovensky*, 416 F.3d 952, 956-58 (2005), the Ninth Circuit reaffirmed the established rule that immigration consequences of a conviction are insufficient to render an individual "in custody" for purposes of federal habeas jurisdiction.

The Supreme Court's holding in *Padilla v. Kentucky*[11] that a claim of ineffective assistance of counsel under *Strickland v. Washington*[12] may be based upon an alleged failure to advise the defendant of the immigration consequences of a plea does not undermine *Resendiz*. I agree with the conclusion reached by the district courts who have considered *Padilla*'s effect on cases like *Resendiz* and find that potential immigration consequences are insufficient to trigger habeas jurisdiction under § 2254 when the federal petition is filed after the state sentence has fully expired.[13]

---

[10] All of the cases Hough relies on for his collateral-consequences argument are mootness cases, not original-habeas-jurisdiction cases, and they are not dispositive of the issue before me. Hough's reliance on *United States v. Morgan*, 346 U.S. 502 (1954), is misplaced because that case concerns a writ of *coram nobis*—not a writ of *habeas corpus*—and it is not a vehicle for challenging a state court conviction or sentence in federal court.

[11] *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010).

[12] *Strickland v. Washington*, 466 U.S. 668 (1984).

[13] *See, e.g., Fernandes v. Johnson*, 2013 WL 796542 (S.D.N.Y., Mar. 5, 2013); *Campos-Conrrada v. Thaler*, 2012 WL 5845549 (N.D. Tex., Oct. 23, 2012); *Camara v. New York*, 2012 WL

Finally, Hough relies on *St. Pierre v. United States*, 319 U.S. 41 (1943), and *Sibron v. New York*, 392 U.S. 40 (1968), to suggest that the "in custody" requirement should be excused because he could not have brought the case to the court for review before the expiration of his sentence. Doc. 3 at 4-9. But *St. Pierre* and *Sibron* are not habeas cases: they considered whether petitions for writ of certiorari were moot and not the federal habeas "in custody" requirement.[14] Even if I were to extend these certiorari mootness principles to this case, Hough offers no facts to suggest he was legitimately unable to raise a federal habeas challenge before his sentence was discharged in 1998—let alone explain why he waited until 2013 to initiate this action. In his response to the show-cause order, Hough refers to state court filings between his 1994 conviction and the discharge of his sentence in 1998.[15] This activity belies Hough's insinuation that the "in custody" requirement should be relaxed because he was "persistent" and diligent in exercising his legal rights. *See* Doc. 3 at 7-8.

## Conclusion

Petitioner has not demonstrated that this court had jurisdiction to entertain his habeas petition when he filed it in 2013. Because this court lacked jurisdiction from the inception of this action, I cannot reach any actual innocence claim that petitioner now seeks to advance. *See, e.g.*, *Williamson v. Gregoire*, 151 F.3d 1180, 1184-85 (9th Cir. 1998); *Smith v. Cortez-Masto*, 2014 WL 3784287 *3 (D. Nev. 2014).

---

3242697 (S.D.N.Y., Aug. 9, 2012) (collecting five prior cases). The discussion of *Resendiz* in *Chaidez v. United States*, 133 S. Ct. 1103 (2013), does not dictate otherwise. *Chaidez* cites to *Resendiz* as an example of established pre-*Padilla* circuit precedent holding that a failure to advise of immigration consequences is not ineffective assistance of counsel under *Strickland*. *Chaidez*, 133 S. Ct. at 1112 & n.14. Nothing in *Chaidez* suggests an intent to abrogate the *Resendiz* rule. *Accord Fernandes*, 2013 WL 796542 (continuing to adhere to established jurisdictional rule after *Chaidez*).

[14] In *St. Pierre*, the High Court dismissed the petition for certiorari as moot because the petitioner's sentence had expired. Thus, to the extent that *St. Pierre* has any relevance here, it undermines Hough's position.

[15] *See* Doc. 3 at 26 ¶ 16 – 27 ¶ 20.

IT THEREFORE IS ORDERED that the petition **(Doc. 1) is DISMISSED** for lack of subject-matter jurisdiction;

IT FURTHER IS ORDERED that **a certificate of appealability is DENIED**. Jurists of reason would not find my dismissal of this petition for lack of jurisdiction to be debatable or wrong. Petitioner's sentence on his 1994 Nevada state conviction expired more than fifteen years before he filed this federal petition, so he was long since out of custody by the time he filed this petition in 2013. His first federal habeas challenge to this same state conviction—filed in 2000—was similarly dismissed as late back in 2001. Petitioner was no longer "in custody" for purposes of acquiring federal habeas jurisdiction because his sentence expired more than 15 years before he filed this petition, and he has not demonstrated any exception to this jurisdictional rule should apply.

The Clerk of Court is directed to enter final judgment and close this case.

Dated this 9th day of January, 2015.

_____
JENNIFER DORSEY
UNITED STATES DISTRICT JUDGE